**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK MUNOZ; JAHLEELE STANLEY; TREVOR SHIVERS; JOSE CABRERA; SAMUEL CANO; VICTOR LOPEZ; ERIBERTO GUZMAN, | No.22-55941<br><br>D.C. No.<br>2:22-cv-03436-MWF-JEM |
| *Plaintiffs-Appellants*, | OPINION |
| v. | |
| SUPERIOR COURT OF LOS ANGELES COUNTY; ERIC TAYLOR, Presiding Judge; UNKNOWN PARTIES, Ten Unknown, Name Defendants; 1-10, | |
| *Defendants-Appellees*. | |

| | |
|---|---|
| MARK MUNOZ; JAHLEELE STANLEY; JOSE CABRERA; SAMUEL CANO; VICTOR LOPEZ; VANAZAE BANKS; ALEJANDRO BANUELOS; TRAVON BROOKS; RICHARD CASEY; ANTHONY COLLINS; ROBERT DARBINIAN; JESUS FARIAS; CESAR | No.23-55302<br><br>D.C. No.<br>2:22-cv-08682-MWF-JEM |

| 2 | MUNOZ V. SUPERIOR COURT OF LOS ANGELES CNTY. |
|---|---|

JAUREGYUI; ANTHONY LOPEZ; JOHNNY MARROQUIN; JOSHUA MCDANIEL; PATRICK REA MOUNT; GERBER RAMIREZ; RAFAEL SANCHEZ; EDDIE F. URRIETA; MICHAEL ZINKOWITZ, Jr.,

       *Plaintiffs-Appellants*,

v.

SUPERIOR COURT OF LOS ANGELES COUNTY; ERIC TAYLOR, Presiding Judge; DOES, Ten Unknown Named Defendants 1-10,

       *Defendants-Appellees*.

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted November 7, 2023
Pasadena, California

Filed January 9, 2024

Before: J. Clifford Wallace, William A. Fletcher, and Ryan D. Nelson, Circuit Judges.

Opinion by Judge R. Nelson

# SUMMARY[*]

### Eleventh Amendment Immunity

The panel affirmed the district court's dismissal of two putative class actions brought pursuant to 42 U.S.C. § 1983 against the Superior Court of Los Angeles County and Judge Eric C. Taylor, alleging that defendants set cash bail that plaintiffs could not afford and therefore unlawfully detained them pretrial.

The panel held that actions against state courts and state court judges in their judicial capacity are barred by Eleventh Amendment immunity.

The Superior Court of the State of California had sovereign immunity as an arm of the state. The exception in *Ex parte Young,* 209 U.S. 123 (1908)*,* did not apply because the Superior Court cannot be sued in an individual capacity.

Judge Taylor had Eleventh Amendment immunity because state court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment. To the extent that *Wolfe v. Strankman,* 392 F.3d 358 (9th Cir. 2004), can be read to hold that the *Ex parte Young* exception allows injunctions against judges acting in their judicial capacity, that conclusion is clearly irreconcilable with *Whole Woman's Health v. Jackson*, 595 U.S. 30 (2021), and thus overruled.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Michael J. Libman (argued), Law Offices of Michael J. Libman, Tarzana, California, for Plaintiffs-Appellants.

Michael L. Fox (argued), Daniel D. Wall, and Bridget Cho, Duane Morris LLP, San Francisco, California, for Defendants-Appellees.

## OPINION

R. NELSON, Circuit Judge:

Plaintiffs bring two putative class actions raising claims under 42 U.S.C. § 1983 against the Superior Court of Los Angeles County and Judge Eric C. Taylor. We lack jurisdiction over these claims because actions against state courts and state court judges in their judicial capacity are barred by Eleventh Amendment immunity. We therefore affirm the district court's orders of dismissal.

I

Plaintiffs allege that Defendants set cash bail that Plaintiffs could not afford and therefore unlawfully detained them pretrial. Plaintiffs allege violations of their Fourth, Eighth, and Fourteenth Amendment rights, and seek declaratory and injunctive relief. They request certification of two classes: (1) a state-wide plaintiff class of about 14,000 to 17,000 similarly situated persons, and (2) a defendant class of other California Superior Courts.

The district court granted Defendants' motion to dismiss. *Munoz v. Super. Ct. of L.A. Cnty.*, No. CV 22-3436-MWF,

MUNOZ V. SUPERIOR COURT OF LOS ANGELES CNTY. 5

2022 WL 7150155, at *3 (C.D. Cal. Oct. 7, 2022). It held that it lacked jurisdiction over Plaintiffs' claims against the Superior Court of Los Angeles County because the California Superior Courts enjoy Eleventh Amendment immunity as arms of the state. *Id.* It also held that Judge Taylor had immunity for judicial actions. *Id.* Plaintiffs timely appealed.

Plaintiffs then filed a substantively identical action a month later. The same district judge dismissed this second action for a lack of jurisdiction on similar grounds as the first action. *Munoz v. Super. Ct. of L.A. Cnty.*, No. CV 22-8682-MWF, 2023 WL 2780368, at *2–3 (C.D. Cal. Mar. 8, 2023). Plaintiffs timely appealed this second order. We consolidated the appeals for argument and now affirm both of the district court's orders of dismissal.

II

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's holdings that Defendants are immune from suit de novo. *Eason v. Clark Cnty. Sch. Dist.*, 303 F.3d 1137, 1140 (9th Cir. 2022).

III

"[A] federal court generally may not hear a suit brought by any person against a nonconsenting State." *Allen v. Cooper*, 140 S. Ct. 994, 1000 (2020). This prohibition applies when the "state or the 'arm of a state' is a defendant." *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422 (9th Cir. 1991) (citations omitted).

Even so, the Supreme Court recognized in *Ex parte Young*, 209 U.S. 123 (1908), that plaintiffs can sometimes sue state officials for prospective injunctive relief to prevent future statutory or constitutional harms. But *Ex parte Young*

6  Munoz v. Superior Court of Los Angeles Cnty.

applies only in narrow circumstances, such as when a defendant can be "subjected in his person to the consequences of his individual conduct." *Id.* at 159–60.

### A

Applying those principles here, we conclude—as we have before—that the Superior Court of the State of California has sovereign immunity as an arm of the state. *See Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). In *Zolin*, we explained:

> The official name of the court is the Superior Court of the State of California; its geographical location within any particular county cannot change the fact that the court derives its power from the State and is ultimately regulated by the State. Judges are appointed by California's governor, and their salaries are established and paid by the State.

*Id.* Further, "state case law and constitutional provisions make clear that the Court is a State agency." *Id.* Given the considerable control that California exerts, "a suit against the Superior Court is a suit against the State, barred by the eleventh amendment." *Id.*

No exception to Eleventh Amendment immunity changes this conclusion. *Ex parte Young* does not apply because the Superior Court cannot be sued in an individual capacity. *See Wolfe v. Strankman*, 392 F.3d 358, 364–65 (9th Cir. 2004).

Because the Superior Court is an arm of the state—and no exception applies to the rule prohibiting suits against the state—it has Eleventh Amendment immunity.

Munoz v. Superior Court of Los Angeles Cnty.    7

### B

Judge Taylor also has Eleventh Amendment immunity as a state judge. The *Ex parte Young* exception "does not normally permit federal courts to issue injunctions against state-court judges." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). Judges "do not enforce state laws as executive officials might; instead, they work to resolve disputes between parties." *Id.* And any errors made by state-court judges can be remedied through "some form of appeal." *Id.*

### C

Our decision today differs from our reasoning in *Wolfe*, which involved a constitutional challenge to California's Vexatious Litigant Statute, Cal. Civ. Proc. Code §§ 391–391.7. 392 F.3d at 360–61. The defendants included two California state entities and several California judges, including Justices of the Supreme Court of California and the California Court of Appeal. *Id.* at 360.

We held that the Eleventh Amendment barred suit against the state entities. *Id.* at 364. But for the individual state-court justices, we held that the *Ex parte Young* exception applied—meaning that the Eleventh Amendment did not bar claims for prospective and injunctive declaratory relief against them in their official capacities. *Id.* at 365.

Despite that conclusion, we held that claims against the judicial defendants were improper for different reasons. *See id.* First, a judge should not be named a defendant if "there is no relief-related basis for including" them. *Id.* at 366 (citation omitted). Put differently, if "complete relief" could be afforded by "enjoining other parties," then we "ordinarily presume[] that judges will comply with a declaration of a

8     Munoz v. Superior Court of Los Angeles Cnty.

statute's unconstitutionality without further compulsion." *Id.* (citation omitted). Second, § 1983's plain text provides "judicial immunity from suit for injunctive relief for acts taken in a judicial capacity." *Id.* We accordingly affirmed dismissal of all the judicial defendants to the extent they were sued in a judicial capacity. *Id.*

We need not discuss *Wolfe*'s alternative reasons for declining to exercise jurisdiction. In *Jackson*, the Supreme Court reemphasized *Ex parte Young*'s conclusion that "'an injunction against a state court' or its 'machinery' 'would be a violation of the whole scheme of our Government.'" 595 U.S. at 39 (quoting *Ex parte Young*, 209 U.S. at 163). As such, state court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment.[1] To the extent *Wolfe* can be read to hold that the *Ex parte Young* exception allows injunctions against judges acting in their judicial capacity, that conclusion is "clearly irreconcilable" with *Jackson* and thus overruled. *See Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 686 (9th Cir. 2023) (en banc) (citation omitted). Consistent with *Jackson*, Eleventh Amendment immunity is a threshold jurisdictional issue, and we have no power to resolve claims brought against state courts or state court judges acting in a judicial capacity.

---

[1] In *Wolfe*, we allowed some claims against judicial defendants to go forward when sued in their administrative, as opposed to judicial, capacity. 392 F.3d at 366. Because this issue is not before us, we do not address whether this narrow holding is consistent with *Jackson*.

\* \* \*

Because Defendants have Eleventh Amendment immunity, the district court properly dismissed Plaintiffs' claims.

**AFFIRMED.**